IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


HAZEL TOWNSEND, ET AL

VS.                                                    CIVIL ACTION NO. 2:03cv302-KS-JMR

AMERICAN HOME PRODUCTS, D/B/A
WYETH, ET AL

<u>OPINION AND ORDER</u>

**This cause is before the Court on the following motions:**

Motion to Dismiss filed by Eli Lilly and Company [20];

Motion to Dismiss filed by Baxter International, Inc. [22];

Motion to Remand and Supplemental Motion to Remand filed by Hazel Townsend, et al

[30][87];

Supplemental Motion to Dismiss filed by Vaccine Defendants [88];

Medical Defendants Joinder in Motions to Dismiss [20][22][85].

**The parties to this action are as follows:**

<u>Plaintiffs</u>: Hazel Townsend, Nina Del Rio, George Jean Carr, Kacey Black Burgess,

Shelia Gowdy Watson, James E. Nicholson, Melanie Yelverton, Billy R. Gresham, Lisa Crain,

Jornella Hattix, Atoya Moses, Gregory Newman and Kathren Pigg-Kelly, who are collectively

referred to as "Plaintiffs."

The Defendants are in three categories as follows:

<u>Vaccine Defendants</u>:  American Home Products Corporation, d/b/a Wyeth Laboratories,

Inc.; Wyeth-Ayerst, Wyeth-Ayerst Laboratories Company, Wyeth Lederle Vaccines, Wyether

1

Lederle, Wyether Lederie Vaccines and Lederle Laboratories; Abbott Laboratories, Inc.; American International Chemical, Inc., Aventis Pasteur, Inc., individually and as successor in interest to Connaught Laboratori, Inc., Pasteur Merieux and Pasteur Merrieux Conn; Baxter International, Inc., individually and as successor interest to North American Vaccine, Inc.;  Evans Medical Limited, Merck and Company, Inc.; RPK Pharmaceuticals, Inc.; and Dolder who are all collectively referred to as the "Vaccine Defendants."[1]

       <u>Thimerosal Defendant</u>: Eli Lilly and Company.

       <u>Medical Defendants</u>:   Hinds County Health Department; Children's Medical Group, P.A.; Paul B. Welch, M.D.; Sunflower County Health Department; Walter Rose, M.D.; University of Mississippi Medical Center - North Clinic; Sarah Weisenberger, M.D.; Unicare Health Center; Pamela Helms, M.D.; Copiah County Health Department; Copiah Medical Associates, PLLC, d/b/a Crystal Springs Clinic; Tammi Broods, M.D.; Marion County Health Department; The Family Clinic, P.A., d/b/a The Family Practice of Columbia; Children's Clinic, PLLC; Sam J. Denney, Jr., M.D.; Geraldine Chaney, M.D.; Melinda S. Ray, M.D.; The Pediatric Clinic of Hattiesburg; and Scott Burk, M.D.; These Defendants are collectively referred to as "Medical Defendants."

       This Court is contemporaneously herewith ruling on the case of *Nina Del Rio, et al vs. American Home Products, et al*, Civil Action No. 2:03cv301-KS-JMR.  ("*Del Rio")* has the same parties as the current case ("*Townsend")*, with the exception that in *Del Rio* the parents are bringing suit on behalf of their minor children.  In *Townsend* the parents are bringing suit on their

---

[1]Bioport Corporation, B.F. Asher & Company, Bristol-Myers Squibb & Company, Inc., Family Health Care Center, Inc., Bayer Corporation, Inc. and the United States of America, have been dismissed by agreement.

own behalf for economic damages suffered by them as a result of the injuries to their children.

**FACTUAL BACKGROUND**

Plaintiffs herein are the parents of children who suffer severe metal and emotional problems that allegedly resulted from the children being exposed to Thimerosal contained in vaccines.  Thimerosal is a preservative that contains mercury, a known harmful substance. Plaintiffs seek to recover medical expenses incurred by them and reasonably expected to be incurred by them for their children's injuries, as well as damages for lost wages, associated expenses and other economic losses that have proximately resulted from their children's injuries and subsequent care.

The causes of action are for: (Count I) strict liability; (Count II) negligence; (Count III fraud and deceit; (Count IV) negligent misrepresentation; and (Count V) breach of warranty.

The original complaint herein was filed in the Circuit Court for the Second Judicial District of Jones County, Mississippi, and was removed by the Defendants to this Court on May 19, 2003.  On June 10, 2003, this Court stayed all discovery except that related to the immunity issue and the case was placed on suspension track.  On September 11, 2003, the case was stayed and again assigned to the suspension track.  On October 7, 2003, an additional motion was made to stay pending a Fifth Circuit ruling on subject matter jurisdiction and, following the ruling by the Fifth Circuit in *Smallwood*,[2] the case was returned to active status.

Additional briefing was supplied by both sides and the undersigned Judge had this case assigned to his docket.  The current issues that need to be resolved are the Motion to Remand and

---

[2]*Smallwood v. Illinois Cent. R. Co.*, 385 F. 3d 568 (5th Circ. 2004)*(en banc)*(*cert. den. Illinois Cent. R. Co. v. Smallwood*, 125 S.Ct. 1825 , 161 L.Ed.2d 755 , 73 USLW 3372 , 73 USLW 3612 , 73 USLW 3621 (U.S. Apr 18, 2005) (NO. 04-831)).

the Motions to Dismiss filed by all Defendants.

**BASIS FOR REMOVAL**

The basis for removal was diversity of citizenship under 28 U.S.C. § 1332.  All Defendants allege that the only non-diverse Defendants, the Medical Defendants, were improperly joined to defeat diversity of citizenship.

The initial step in any fraudulent joinder analysis is to determine whether the "common defenses" apply to both the diverse and non-diverse Defendants.  A common defense is described as a defense, which if successfully argued by a movant who asserts fraudulent joinder, is equally dispositive of both the non-diverse defendants and the diverse defendants. *Smallwood v. Illinois Cent. R. Co.*, 385 F. 3d 568, 575, (5th Cir. 2004)(en banc)(*cert. denied Illinois Cent. R. Co. v. Smallwood*, 125 S.Ct. 1825 , 161 L.Ed.2d 755 , 73 USLW 3372 , 73 USLW 3612, 73 USLW 3621 (U.S. Apr 18, 2005) (NO. 04-831)).  If a common defense claim is involved in a movant's remand argument, then the Court must also consider if a common defense will result in the dismissal of <u>all</u> claims against all defendants.  The importance of this step of the analysis is described by the Fifth Circuit in *Rainwater v. Lamar Life Ins. Company*, 391 F. 3d 636 (5th Cir. 2004).  In the current case the *Smallwood-Rainwater* common defense argument can be summarily dealt with.  The settled law in this circuit is that the Vaccine Act does not exempt the manufacturers of Thimerosal and, therefore, Eli Lilly and Company's defense of the Vaccine Act is not well taken.  The result is that at least one defendant will remain and, hence, no defense that is applicable to all defendants.  *See Moss v. Merck & Co.*, 381 F. 3d 501 (5th Cir. 2004).

The next part of this analysis is to determine whether or not the non-diverse Defendants have been improperly joined.  The removing party has the burden of proving that this Court has

jurisdiction to hear this case.  *Jernigen v. Ashland Oil, Inc.*, 989 F. 2d 812, 815 (5th Cir. 1993)(*cert. denied* 510 U.S. 868, 114 S. Ct. 192, 126 L. Ed. 2d 150 (1993)).  Diversity of citizenship jurisdiction is the basis for the removal herein. In order for there to be complete diversity the non-diverse parties must be shown to have been improperly joined.  The removing party must establish: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F. 3d 644, 647 (5th Cir. 2003)(citing *Griggs v. State Farm Lloyds*, 181 F. 3d 694, 698 (5th Cir. 1999)).   The District Court should ordinarily resolve an improper joinder question by conducting a Rule 12(b)(6) type analysis. The District Court has certain limited authority to "pierce the pleadings" and make a limited inquiry into the propriety of the joinder of the non-diverse parties. *McKee v. Kansas City Southern Ry. Co.,* 358 F. 3d 329, 324 (5th Cir. 2004).   Even under this standard, Plaintiffs "may not rest upon the mere allegations or denials of their pleadings." *Beck v. Texas State Bd. of Dental Examiners*, 204 F. 3d 629, 633 (5th Cir. 2000).

**VACCINE ACT DEFENSE**

The Plaintiffs candidly admit that the Vaccine Act would apply to all Defendants other than the Thimerosal Defendant.  If the Medical Defendants are successful in establishing that there is not a reasonable possibility of recovery against them under the terms of the Vaccine Act, then this portion of the remand inquiry has been concluded. Plaintiffs have also alleged fraud to which the Vaccine Act does not apply. The second portion of this inquiry will be to determine whether the fraud claims will give Plaintiffs a reasonable possibility of recovery.

All of the Medical Defendants qualify as administrators under the Vaccine Act.  See *Amendola v. Secretary, Dept. of Health and Human Services*, 989 F. 2d 1180, 1186 (Fed.Cir.

1993).

An individual may not bring a civil action, in either state or federal court, in excess of $1,000.00 in damages arising from a "vaccine related injury or death" involving the administration of a vaccine unless a petition is first filed with the United States Court of Federal Claims.  42 U.S.C. § 300(aa-11)(a)(2)(A).[3]  If such a barred civil action is indeed brought, the state or federal court is required to dismiss the action in its entirety. 42 U.S.C. § 300 (aa-11)(a)(2)(B).[4]  See *McDonal v. Abbott Laboratories,* 408 F. 3d 177 (5th Cir. 2005).

    The limited case law available holds that this statute will be strictly construed. See *Flowers v. Secretary of Dept. of Health and Human Services,* 49 F. 3d 1558 (Fed. Cir. 1995).  "A claimant alleging that more than $1,000.00 in damages resulted from a vaccination after the Act's effective date in 1988, must exhaust the Act's procedure and refuse to accept the resulting judgment before filing a *de novo* civil action in state or federal court." *Shalala v. Whitecotton*,

_____

    [3]No person may bring a civil action for damages in an amount greater than $1,000.00 or in an unspecified amount against a vaccine administrator or manufacturer in a state or federal court for damages arising out vaccine related injury or death associated with the administration of a vaccine after the effective date of this subpart, and no such court may award damages in any amount greater than $1,000.00 in a civil action for damages for such a vaccine related injury or death, unless a petition has been filed, in accordance with § 300(aa-16) of this title, for compensation under the program for such injury or death and -

                (i)(I) The United States Claims Court has issued a judgment
                under § 300(aa-12) of this title on such petition, and

                (II) such person elects under § 300(aa-21)(a) of this title to
                file such an action, or

                (ii) such person elects to withdraw such petition under §
                300(aa-21)(b) of this title or such petition is considered
                withdrawn under such section.

    [4] (B) If a civil action which is barred under subparagraph (a) is filed in a state or federal court, the court shall dismiss the action....

514 U.S. 268, 115 S. Ct. 1477, 1478, 131 L.Ed.2d 374 (1995). The Vaccine Court claims were

not completed until after the filing of this current civil action. It is true that all have been

concluded at this time and Plaintiffs argue that it would be an exercise in futility to require them

to start over, since the path would end back here. However, *Shalala* is clear in that the actions

must be <u>completed</u> in Vaccine Court before filing a tort claim. The result of this is the claim

made in state court must be dismissed as to the Medical Defendants unless it is kept active by the

fraud allegations. Fraud claims are not covered by the Vaccine Act.

**PLAINTIFFS' CLAIMS OF FRAUD**

In "piercing the pleadings" and doing a 12(b)(6) type analysis of the fraud claims, the first

step is to go to the applicable case law to determine what must be alleged under the Rule and

other authorities. The Plaintiffs cite *Cook v. Children's Medical Group*, *P.A.*, 756 So. 2d 734

(Miss. 1999), as authority for bringing a fraud action against the Defendants. From the initial

review of the pleadings and a 12(b)(6) analysis, this Court could not say that the Plaintiffs had a

reasonable chance of success. To give the Plaintiffs the benefit of the doubt,  a request was made

of the Plaintiffs to supplement the pleadings with specifics and, by order dated October 12, 2005,

this Court ordered Plaintiffs to supplement the information in the pleadings to include the

following:

(1)     A particularization of the facts and circumstances constituting each act of fraud,

including, but not limited to, persons or entities perpetrating said fraud, the

approximate date thereof and the identity of each Plaintiff allegedly defrauded.

(2)     The facts, circumstances and particularities of the conspiracy(s) alleged, including

a particularization of the persons participating in same, the victim(s) of same and

the approximate date.

The Plaintiffs supplemented with affidavits but the responses by Plaintiffs, are conclusory and fail to comply with Mississippi law regarding the pleading of fraud. "The circumstances constituting the fraud shall be stated with particularity.  Fraud will not be inferred or presumed and may not be charged in general terms.  The circumstances of the alleged fraud, such as the time, place and contents of any false representation or conduct, must be stated." *Brabham v. Brabham*, 483 So. 2d 341, 342 (1986)(citing Miss. R. Civ. P. 9(b).

The allegations in the complaint before the Court do not meet the basic standards for pleading fraud.  They assuredly do not rise to the egregious factual situation in *Cook* that led to the Mississippi Supreme Court allowing the parents to pursue a fraud claim against the vaccine's administrator.

For the above reasons, this Court finds that, even under the limited 12(b)(6) analysis, Plaintiffs have not shown to this Court that they have a reasonable chance of success on the fraud claims. The only conclusion for the Court to reach is that the Medical Defendants have been improperly joined and without them there are no non-diverse parties.

For the reasons above stated, this Court finds that the Motion to Remand should be **denied.**

The Court, as a result of the ruling made above, will not address the defenses of sovereign immunity, Eleventh Amendment or the claim that the parent's claims were waived in favor of the children's claims under applicable state law.

### MOTION TO DISMISS FILED BY VACCINE DEFENDANTS [88][22].

The Vaccine Act applies to the Vaccine Defendants. Pursuant to 42 U.S.C. § 300(aa-11)

the Plaintiffs cannot bring this action until the Vaccine Court has issued a judgment. When suit was filed herein same had not been issued. Therefore, the claims against the Vaccine Defendants were prematurely brought.  Additionally, Plaintiffs have not set forth a fraud claim for the same reasons as shown in the analysis above. Pursuant to the plain language of the statute and the Mississippi requirements for pleading fraud, this Court is obligated to **sustain** the Motion to Dismiss [22] made by the Vaccine Defendants.

### MOTION TO DISMISS FILED BY THIMEROSAL DEFENDANT.

Eli Lilly and Company is the manufacturer of Thimerosal. The Vaccine Act does not exempt manufacturers of Thimerosal and the Motion to Dismiss by Eli Lilly should be **denied.** See *Moss v. Merck and Company,* 381 F. 3d 501 (5th Cir. 2004).

### MOTION TO DISMISS FILED BY MEDICAL PROVIDER DEFENDANTS.

This Court's analysis above in issue one relates how the claim is prematurely and improperly brought against the Vaccine Defendants.  The same logic applies to the Motion to Dismiss filed by the Medical Defendants [85] and this Motion to Dismiss should be  **sustained.**

### CONCLUSIONS

The Motion to Remand filed by Plaintiffs should be and the same is hereby **denied.**  The Motions to Dismiss filed by Medical Defendants and Vaccine Defendants are hereby **sustained** and said Defendants are hereby dismissed without prejudice. The Motion to Dismiss filed by Eli Lilly and Company is hereby **denied.**

SO ORDERED AND ADJUDGED on this, the 24th day of February, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE